IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAMELA SPICKERMAN,

    Plaintiff,

vs.                                       No.:

LINCOLN LIFE AND ANNUITY COMPANY OF NEW YORK,

    Defendant.

## PLAINTIFF'S COMPLAINT

AND NOW, comes the Plaintiff, Pamela Spickerman, by and through her undersigned counsel, Max Petrunya, Esquire and the law firm of Robert Peirce & Associates, P.C., and files the within Complaint to recover benefits due under a policy of disability insurance issued by Defendant Lincoln Life and Annuity Company of New York ("Lincoln Life").

## JURISDICTION and VENUE

1.     This action is brought pursuant to 28 U.S.C. § 1332. This Court has jurisdiction based upon diversity of the parties and the amount in controversy. Additionally, this is an action brought pursuant to Section 502(a), (e)(1) and (f) of ERISA 29 U.S.C. §§1132(a)(e)(1) and (f). This Court has subject matter jurisdiction pursuant to 29 U.S.C. §1132(e)(1), 28 U.S.C. §1331 and 28 U.S.C. §1367(a). Under Section 502(f) of ERISA, 29 U.S.C. §1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

2. Venue is properly laid in this district pursuant to 28 U.S.C. §1391(a), as the Plaintiff resides in this district, became disabled in this district, was issued the subject insurance policy in this district, and the Defendant is subject to personal jurisdiction in this district.

## PARTIES

3. Plaintiff Pamela Spickerman is an adult individual residing at 184 Jo Deener Drive, Zelienople, Butler County, Pennsylvania 16063.

4. Defendant Lincoln Life is a corporation organized under the laws of the state of Nebraska with a principal place of business at 8801 Indian Hills Drive, Omaha, NE 68144.

## FACTS

5. Plaintiff Pamela Spickerman was employed by RBS Holding Company, LLC and was subject to a group policy for long-term disability benefits.

6. Ms. Spickerman was employed by RBS Holding Company, LLC until December 3, 2014, when she became disabled as a result of stomach cancer.

7. Ms. Spickerman is disabled due to her cancer and the results of the treatments she received for her cancer, specifically dizziness, vertigo, fatigue, and various affects to her cognitive function.

8. Ms. Spickerman received $1,935.00 as a monthly benefit under the policy.

9. Plaintiff applied for, and received, disability benefits under this policy beginning March 4, 2015.

10. It was determined at that time that Plaintiff met the definition of totally disabled under the policy.

11. Total disability or totally disabled is defined under the policy as:

   a. During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of his or her own Occupation.

   b. After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of any occupation which his or her training, education or experience will reasonably allow.

12. On August 4, 2016, Defendant Lincoln Life denied further benefits under the policy on the basis that Ms. Spickerman no longer met the definition of disabled as contained in the policy.

13. Plaintiff remains, however, totally disabled.

14. Plaintiff applied for, and continues to collect, Social Security Disability benefits for her disability.

15. Plaintiff Pamela Spickerman was determined eligible for Social Security Disability benefits beginning in June, 2015.

16. Plaintiff filed timely appeals for benefits. Her appeals were denied, and Plaintiff has exhausted all of her administrative remedies associated with these appeals as of July 6, 2017.

# COUNT I

## ERISA CLAIM FOR BENEFITS UNDER THE PLAN – 29 U.S.C. 1132(a)(1)(b)

17. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth at length herein, and further alleges as follows.

18. The plan provides that Plaintiff is entitled to replacement disability income ("disability benefits") based upon her becoming and remaining disabled within the meeting of the plan.

19. Plaintiff has established her disability within the meaning of the plan and is entitled to disability benefits because she is unable to perform her occupation and is also unable to perform the material and substantial duties of any gainful occupation for which she is reasonably fitted by training, education, or experience.

20. On or about August 4, 2016, Defendant denied disability benefits. Plaintiff is entitled to payment of the disability benefits under the plan, because her medical conditions prevented, and continue to prevent, her from performing the material and substantial duties of her regular occupation and continue to prevent her from performing the material and substantial duties of any gainful occupation for which she is reasonably fitted by training, education, or experience.

21. Defendant's denial of long-term disability benefits constitutes denial of benefits governed by ERISA, and adversely affects the Plaintiff's eligibility for long-term disability benefits.

WHEREFORE, Plaintiff Pamela Spickerman demands judgment in her favor and against Defendant in an amount in excess of the jurisdictional limits, plus costs of suit, plus pre and post-judgment interest, plus attorney's fees and costs.

Respectfully submitted,

By: /s/ Max Petrunya
    MAX PETRUNYA, ESQUIRE
    Pa. I.D. No.: 309122

    ROBERT PEIRCE & ASSOCIATES, P.C.
    Firm I.D. No.: 839
    2500 Gulf Tower
    707 Grant Street
    Pittsburgh, PA 15219
    (412) 281-7229
    mpetrunya@peircelaw.com
    Counsel for Plaintiff